## No. 6141.

### STATE OF LOUISIANA vs. CUPID BROWN.

The objection to the admission of Eliza Brown to testify on behalf of the accused on the ground that she is his concubine goes to her credibility and not to her admissibility. The judge a quo should have admitted her to testify.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. Ray, J. Criminal case. C. T. Dunn, District Attorney, and A. P. Field, Attorney General, for plaintiff and appellee. W. T. Hall, for defendant and appellant.

TALIAFERRO, J. The defendant was indicted for ministering poison to one Lewis Ford with intent to destroy his life. He was convicted and sentenced to hard labor in the Penitentiary for life. He has appealed from the sentence.

The case is before us on three bills of exceptions, one relating to proceedings in impaneling the jury, one relating to the refusal of the judge to charge the jury as requested, and the other in reference to the admission of evidence.

On the trial of the case the counsel for the accused requested the judge that the jurors, after being sworn on their *voir dire*, be examined first by the district attorney, with the view of ascertaining whether any of them ought to be challenged for cause; if none is found to exist, that they then be presented to the accused for the same purpose, and if not challenged for cause by the accused that such jurors be required to take their seats in the jury-box, and the same formula be observed until twelve jurors have been permitted to take their seats in the jury-box; that they then be presented first to the State and then to the accused for acceptance, and, if accepted by the State, that they be presented to the accused for acceptance. This was refused by the court. The court ruled and required the accused to accept or challenge the jurors for cause or peremptorily immediately after they were accepted by the State. To this ruling of the court the accused excepted.

A witness was asked by the district attorney if any one told her the

accused had stirred the pumpkin which was in a cooking-pot (it having been previously shown that the alleged poison was put into the pumpkin while it was being cooked). Thereupon the counsel for the accused immediately objected to the evidence sought to be elicited, as hearsay, but not before the witness had answered the question by saying that her little boy had told her the accused had stirred the pumpkin. The counsel for the accused then requested the judge to instruct the jury in making up their verdict the statement made by the witness in reply to the question by the district attorney must not be considered by them, the counsel for accused insisting the evidence was hearsay and inadmissible. The request of the counsel was not complied with. There is inserted in the bill by the judge the following: " When the judge charged the jury the counsel for the accused did not request the court to instruct the jury they must disregard the evidence complained of."

We think the judge should have charged the jury that the evidence was inadmissible and that they should disregard it.

During the trial the accused called Eliza Brown as a witness in his behalf, and after being sworn the district attorney objected to her testifying in the case on the ground that she was the wife of the accused, and when the witness was questioned with reference thereto she stated she had never been married to him, but she had lived with him as his wife for the last five years, and that he had no other wife, and that he was the father of two of her children. The district attorney persisting in his objection to the witness being permitted to testify, the court sustained the objection. Appended to this bill of exceptions is the evidence of Eliza Brown given before the committing magistrate, and is in substance that Johanna Ford asked her for strychnine to kill rats, and that she gave it to her; that Johanna told accused she wanted him to do something for her; that she was going to have a better living; when accused asked Johanna what she wanted, she replied "never mind."

The objection to the admission of Eliza Brown to testify on behalf of the accused on the ground that she is his concubine goes to her credibility and not to her admissibility. We think the judge should have admitted her to testify.

We think the ends of justice require that the case be remanded to the court a qua to be tried de novo, and it is so ordered. It is further ordered that the judge a quo be instructed to proceed in the trial of the case in conformity with law.